OPINION
{¶ 1} Defendant-appellant, Norman H. Lawton, appeals from a judgment and decree of divorce entered by the Franklin County Court of Common Pleas, Division of Domestic Relations. For the following reasons, we affirm.
 {¶ 2} On March 6, 2006, plaintiff-appellee, Katherine S. Howard, filed a complaint for divorce from Lawton. At the time Howard filed the complaint, she, Lawton, and Howard's daughter lived together in the marital residence. However, in early April 2006, Howard and her daughter moved out after Lawton behaved in a threatening manner. *Page 2 
 {¶ 3} Lawton answered Howard's complaint, filed an affidavit of indigency, and moved for temporary spousal support. On May 2, 2006, the magistrate ordered Howard to maintain medical insurance for Lawton and to pay the mortgage, taxes, insurance, and utilities for the marital residence.
 {¶ 4} Lawton again moved for temporary spousal support on October 25, 2006. Lawton claimed that Howard owed him $102,528 for caring for Howard's daughter, $50 for repair of a broken light fixture, $1,160.41 for repair of the air conditioning unit, and $9.61 for gasoline used to power the lawn mower. After a hearing, the trial court ordered only that Howard reimburse Lawton for the expenses related to the repair of the air conditioner.
 {¶ 5} On December 4, 2006, Lawton moved for temporary spousal support for a third time. In this motion, Lawton claimed that Howard owed him for trash collection and newspaper delivery.
 {¶ 6} The trial court conducted a trial on January 11 and 12, 2007, during which Lawton and Howard testified. On July 13, 2007, the trial court issued a judgment and decree of divorce, as well as a decision supporting the judgment. In relevant part, the trial court granted Lawton spousal support in the amount of $500 per month for two years, payable in a lump sum of $12,000. Further, the trial court awarded the marital residence to Howard. The trial court ordered Lawton to vacate the marital residence by September 22, 2007 and to maintain the residence and utilities until vacating the residence. Finally, the trial court denied Lawton's request that Howard pay for trash collection and newspaper delivery.
 {¶ 7} Lawton now appeals and assigns the following errors: *Page 3 
 [1.] THE TRIAL COURT FAILED TO AWARD THE DEFENDANT APPELLANT ANY SPOUSAL SUPPORT MONEY BASED UPON THE "A THRU N" OR 14 FACTORS USED IN DETERMINING A FAIR AMOUNT OF AS DEFINED [sic] SPOUSAL SUPPORT TO BE AWARDED DURING THE ADJUDICATION OF THIS CIVIL PROCEEDING.
 [2.] THE TRIAL COURT FAILED TO AWARD THE DEFENDANT APPELLANT ANY ALIMONY RELIEF DEMANDED BY THE DEFENDANT APPELLANT TO COMPENSATE FOR THE GROSS NEGLIGENCE OF DUTIES OF THE WIFE/SPOUSE BASED UPON THE SAME FACTORS FOR SPOUSAL SUPPORT EMPHASIZING THE PHYSICAL CONFRONTATIONS, ORAL ABUSE, STRESS INDUCED GRIEF AND THE DEFENDANT APPELLANT'S CLOSING ARGUMENTS SPECIFIC 26 ALLEGATIONS AS GROUNDS FOR ALIMONY SUBSTANTIATING AND SATISFYING THE "ONLY" CONDITION PLACED UPON THE UPON THE [sic] OHIO LAW CAUSED BY THE PLAINTIFF APPELLEE WIFE DURING THE MATURE MARRIAGE AND NEVER COMPENSATED WITH MONEY.
 [3.] THE TRIAL COURT FAILED TO AWARD THE DEFENDANT APPELLANT THE STIPULATED MONEY FOR MAINTAINENCE OF THE SHARED RESIDENCE DOCUMENTED WITH RECEIPTS, TECHNICAL ESTIMATES FOR COMPLETED REPAIR, REPLACEMENT PARTS AND NEW ITEMS SINCE THE FILING OF THE CLOSING ARGUMENTS IN FEBUARY 2007 NOTING THE SEVEN MONTHS LAPSE IN TIME INCLUDING GASOLINE FOR LAWN MOWING, TORSION SPRINGS BROKEN ON THE GARAGE DOOR, GARAGE DOOR OPENER DRIVE GEAR KIT, AND DRIVEWAY SEALER FOR ANNUAL APPLICATION.
 [4.] THE TRIAL COURT FAILED TO AWARD THE DEFENDANT APPELLANT MONEY FOR PRIOR MUTUALLY AGREED UPON CARE TAKING RESPONSIBILITIES FOR THE MINOR CHILD OF THE CUSTODIAL PARENT BY PRIOR MARRIAGE WHO WAS THE FAMILY SUPPORTING PARENT.
 [5.] THE FINDINGS OF FACT AND CONCLUSION OF LAW PERTINENT TO CASE TRIAL TRANSCRIPTS OF TRIAL PROCEEDINGS AND RECORD INCLUDING DOCUMENTED CLOSING ARGUMENTS ARE NOT *Page 4 
CONSISTENT WITH FACTS AS DOCUMENTED IN THE TRIAL JUDGE DECISION JUDGMENT ENTRY DECREE OF DIVORCE.
 {¶ 8} By his first assignment of error, Lawton argues that the trial court erred in denying him spousal support. Apparently, Lawton also intends this first assignment of error to incorporate a challenge to the trial court's supposed denial of temporary spousal support. We find both arguments unavailing because they attack nonexistent rulings. In the final judgment of divorce, the trial court granted Lawton spousal support in the amount of $12,000. Moreover, the trial courtgranted Lawton temporary spousal support when it ordered Howard to pay for Lawton's medical insurance, the mortgage, taxes, insurance, and utilities for the marital residence, and the air conditioner repairs. To the extent that the trial court did not award Lawton every dollar he sought in temporary spousal support, we conclude that the trial court acted well within its discretion. Dunham v. Dunham, 171 Ohio App.3d 147,2007-Ohio-1167, at ¶ 75 ("Appellate review of an award of spousal support is whether the trial court abused its discretion."). Accordingly, we overrule Lawton's first assignment of error.
 {¶ 9} By his second assignment of error, Lawton again argues that the trial court erred in denying him spousal support. Lawton contends that he is entitled to spousal support to compensate him for Howard's gross negligence in the performance of her wifely duties. Because the trial court granted Lawton spousal support, he has no basis for complaint. Additionally, "[a]ny gross neglect of duty" is a ground upon which a trial court may grant a divorce, not a factor that the trial court must consider when awarding spousal support. Compare R.C. 3105.01(F) with 3105.18(C)(1). Accordingly, we overrule Lawton's second assignment of error. *Page 5 
 {¶ 10} By his third assignment of error, Lawton argues that the trial court erred in denying him reimbursement for certain household maintenance expenses that he incurred after the closing arguments. Lawton, however, never requested that the trial court order Howard to pay for repairs and maintenance performed after February 27, 2007 — the date Lawton submitted his written closing argument. The trial court, therefore, never made a ruling regarding those expenses. Without a ruling denying Lawton reimbursement for the disputed repairs and maintenance, he has no basis on which to assert error. Accordingly, we overrule Lawton's third assignment of error.
 {¶ 11} By his fourth assignment of error, Lawton argues that the trial court erred in denying him compensation for taking care of Howard's daughter in the years before Howard filed for divorce. Contrary to Lawton's argument, nothing in R.C. 3105.18 entitles him to recover wages for childcare he rendered during the marriage. Accordingly, we overrule Lawton's fourth assignment of error.
 {¶ 12} By his fifth assignment of error, Lawton argues that the trial court erred in finding that he is an ordained minister and that he has two college degrees. Lawton's testimony establishes that he has one degree (in engineering), not two. Although Lawton attended South Florida Seminary for Theological Studies for two years, he did not receive a degree in divinity and he is not an ordained minister. Consequently, we conclude that the trial court erred in its recitation of Lawton's educational history and employment credentials. However, we find that this error is harmless.
 {¶ 13} According to Civ.R. 61 and R.C. 2309.59, courts ignore error that does not affect the substantial rights of the parties.Motorists Mut. Ins. v. Hall, Franklin App. No. 04AP-1256,2005-Ohio-3811, at ¶ 18. An error does not affect the substantial rights of the *Page 6 
parties if avoidance of the error would not have changed the outcome of the proceedings. Brothers v. Morrone-O'Keefe Dev. Co., Franklin App. No. 05AP-161, 2006-Ohio-1160, at ¶ 26.
 {¶ 14} In the case at bar, the trial court set the amount of spousal support at only $12,000 because Lawton "has two college degrees and chooses not to utilize either degree to support himself or to find independent housing." (Judgment, at 14.) In essence, the trial court limited the amount of spousal support because it found that Lawton has the education necessary to support himself, but he voluntarily chooses not to utilize that education. Whether Lawton received a divinity degree or ordination is irrelevant to the trial court's reasoning. Regardless of Lawton's lack of a religious degree and qualifications, he has an engineering degree that he is underutilizing. Therefore, the trial court had a sufficient factual basis on which to limit the amount of Lawton's spousal support to $12,000. As avoidance of the error would not have changed the outcome of the judgment, we find that the error is harmless. Accordingly, we overrule Lawton's fifth assignment of error.
 {¶ 15} For the foregoing reasons, we overrule all of Lawton's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
 BRYANT and BROWN, JJ., concur. *Page 1