OPINION
{¶ 1} Norman H. Lawton, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas finding appellant in contempt and awarding to plaintiff-appellee, Katherine S. Howard, attorneys fees. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} In March 2006, appellee filed a complaint for divorce from appellant. The matter was litigated, and, on July 13, 2007, the trial court issued a Judgment Entry-Decree of Divorce ("divorce decree"), as well as a decision in support of the judgment. As pertinent here, the divorce decree ordered appellee to pay, after offsets and deduction of attorneys fees awarded to her up to the time of trial, the amount of $55,722.73 to appellant, for property settlement and lump sum spousal support. Appellant appealed from the divorce decree to this court. SeeHoward v. Lawton, Franklin App. No. 07AP-603, 2008-Ohio-767. On appeal, appellant alleged, inter alia, that the trial court erred in denying him spousal support and in denying him reimbursement for certain household maintenance expenses. This court rejected appellant's arguments and affirmed the judgment of the trial court. Id.
 {¶ 3} On October 30, 2007, and during the pendency of the first appeal, appellee filed a motion for contempt in the trial court. Subsequently, appellee filed a motion for attorneys fees in the trial court. These matters were heard by the trial court in February and May 2008. The trial court issued a judgment entry regarding these motions in June 2008.
 {¶ 4} As reflected in its June 2008 judgment entry, the trial court found appellant to be in contempt of the court's prior order regarding property distribution because he removed items of personal property, which were awarded to appellee, when he vacated the former marital residence. The trial court also found appellant in contempt for failing to pay the utility charges incurred at the former marital residence during the period that he resided in said residence subsequent to the issuance of the divorce decree. Finding that appellant willfully and frivolously caused appellee to incur significant attorneys fees and *Page 3 
costs in order to enforce the prior orders of the trial court and defend her interests against frivolous and baseless actions, the trial court awarded to appellee a percentage of the attorneys fees she incurred in prosecuting her contempt action and defending herself against the frivolous and baseless actions and pleadings filed by appellant. The court ordered that this award of attorneys fees be deducted from the amount remaining due from appellee to appellant pursuant to the divorce decree.
 {¶ 5} Appellant again appeals to this court, this time from the June 2008 judgment entry. In this appeal, appellant sets forth the following three assignments of error:
 [I.] The Court erred in modifying the final Order specific to payment of utility bills that was the Court decision that the Appellant Defendant was held harmless of payment of the utility bills and was the responsibility of the Plaintiff.
 [II.] The Court erred in allowing a non relevant property item to be claimed as an element of contempt documented as property from a non party to the case.
 [III.] The Court erred in deducting a Court decision source of money to pay Attorney's fees That the Defendant moved the Court for Sanctions and Frivolous pleadings in revenge of proper civil proceedings by the Defendant.
 {¶ 6} Appellant's first and second assignments of error both challenge the trial court's finding of contempt, and therefore will be addressed together. Appellant's first assignment of error focuses on the trial court's finding that he failed to pay, as ordered, the utility charges incurred at the former marital residence for the period that appellant resided at the residence subsequent to the issuance of the divorce decree. Appellant's second assignment of error focuses on the trial court's finding that he improperly removed *Page 4 
items of personal property, which were awarded to appellee, from the former marital residence.
 {¶ 7} "Contempt of court is defined as disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, 56 O.O.2d 31, 271 N.E.2d 815, paragraph one of the syllabus. An appellate court will not reverse a trial court's finding of contempt, including the imposition of penalties, absent an abuse of discretion. Byron v. Byron, Franklin App. No. 03AP-819, 2004-Ohio-2143, ¶ 15. An abuse of discretion connotes more than an error of law or judgment; it implies the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 8} Appellant asserts that he was not responsible for paying the utility bills at the former marital residence. Citing the statement in the divorce decree that appellee shall pay and hold appellant "harmless with respect to any and all liabilities in her sole name," appellant argues that appellee remained obligated to pay the utilities because the accounts with the utility companies were in appellee's name. Appellant also cites temporary orders of the trial court and statements of appellee, preceding the issuance of the divorce decree, in support of his contention that appellee was liable for the utility bills.
 {¶ 9} The divorce decree expressly terminated all temporary orders preceding the issuance of the decree. Thus, appellant's reliance upon any temporary order of the trial court in support of his argument is unavailing. Appellant's reliance upon assertions by appellee, preceding the issuance of the divorce decree, indicating a willingness to pay the *Page 5 
utilities, is also unavailing. Clearly, any obligation of appellant under the divorce decree to pay the utility bills for the specified time period was not somehow nullified because of previous statements of appellee regarding the utilities at the former marital residence. The divorce decree expressly provided that appellant would maintain the utilities, which necessarily would include paying money owed in order to prevent any cessation of service. Therefore, pursuant to the decree of divorce, appellant, not appellee, was obligated to pay the utility bills incurred for the period of time after the issuance of the divorce decree and before appellant vacated the former marital residence. It is undisputed that appellant did not pay the utility charges incurred during that time frame. Thus, appellant disobeyed the court order as to the payment of utilities.
 {¶ 10} For the above reasons, we find that the trial court did not abuse its discretion in finding appellant in contempt for not paying the utilities for the charges incurred at the former marital residence during the period that he resided in the residence subsequent to the issuance of the divorce decree. Accordingly, appellant's first assignment of error is overruled.
 {¶ 11} By his second assignment of error, appellant argues that it was an abuse of discretion for the trial court to find him in contempt for having removed the round conical wedge designed for splitting wood ("conical wedge") when he vacated the former marital residence. Appellant contends that this item may not serve as a basis of contempt because it was not appellee's property.
 {¶ 12} In its June 2008 judgment entry, the trial court stated its finding that appellant was in possession of items of personal property that appellee alleged were improperly retained or removed by appellant after he vacated the former marital *Page 6 
residence. The conical wedge, which was identified as belonging to appellee's stepfather, was only one of the multiple items identified by the trial court as personal property that appellant, in violation of the divorce decree, retained possession of after vacating the former marital property.
 {¶ 13} "Exhibit B" to the divorce decree outlined the property that was specifically awarded to appellant in the property division by the court. The divorce decree also indicated that appellant waived any interest in any property that was not included in Exhibit B. Thus, appellant was not permitted to retain or remove from the former marital residence any item not listed in Exhibit B. Because the conical wedge was not listed in Exhibit B attached to the divorce decree, appellant was not permitted to remove the conical wedge from the former marital residence. Despite this restriction, the evidence at trial demonstrated that appellant removed the conical wedge, as well as other items not listed in Exhibit B, from the former marital residence. The fact that the conical wedge belonged to appellee's stepfather does not alter the fact that appellant removed the item from the former marital residence in violation of the divorce decree. Appellant's removal of the conical wedge from the residence prohibited appellee from transferring, upon request, the item back to her stepfather.
 {¶ 14} Therefore, we conclude that the trial court did not abuse its discretion in finding appellant in contempt for removing items of personal property, which included the conical wedge, that were awarded to appellee, when he vacated the former marital residence. Consequently, we overrule appellant's second assignment of error.
 {¶ 15} Appellant's third assignment of error challenges the trial court's decision to offset an award of attorneys fees against the remaining amount of the cash property *Page 7 
settlement still due to appellant from appellee. Appellant does not assign as error the trial court's decision to award attorneys fees in its post-decree judgment entry.
 {¶ 16} Once a court makes an equitable property division under R.C. 3105.171, it has no jurisdiction to modify its decision. R.C. 3105.171(I). However, it has broad discretion and power to enforce its own orders. Townsend v. Townsend, Lawrence App. No. 08CA9,2008-Ohio-6701, ¶ 57; see R.C. 3105.011 (stating that "[t]he court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters"). Additionally, pursuant to R.C. 3105.73(B), in a post-decree proceeding, a "court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets."
 {¶ 17} In this matter, the following facts are undisputed. The divorce decree instructed appellee to pay $55,722.73 to appellant. Appellee paid, as ordered, the first installment of $15,000, on or about August 24, 2007. She made an additional payment, in the amount of $30,000, on or about September 28, 2007. Appellee withheld the remaining $10,722.73 for the stated reason that appellant failed to abide by the property division and the payment of utilities order of the divorce decree. By its June 2008 judgment entry, the trial court awarded additional attorneys fees to appellee and ordered that this award of attorneys fees be deducted from the amount remaining due from appellee to appellant pursuant to the divorce decree. The court found that it had been *Page 8 
reasonable for appellee to withhold the remaining balance in view of appellant's failure to obey the orders of the court regarding the division of property and the payment of utilities.
 {¶ 18} In this appeal, appellant fails to provide any legal support for his contention that it was improper for the trial court to order that the attorneys fees awarded in the June 2008 judgment entry be deducted from the amount remaining due from appellee to appellant pursuant to the divorce decree. Upon reviewing this matter, we find that the trial court did not abuse its discretion when it enforced its orders in this manner. Because appellee continued to owe money to appellant in view of the divorce decree, and because appellant was obligated to pay attorneys fees to appellee on the basis of his post-decree conduct, we resolve that it was reasonable for the trial court to reduce the amount owed by appellee by the amount appellant was obligated to pay to appellee.
 {¶ 19} Accordingly, we overrule appellant's third assignment of error.
 {¶ 20} Lastly, we address the two motions that appellant has filed during the pendency of this appeal: (1) a motion "for sanctions of frivolous pleadings," and (2) a "motion to accept financial affidavit." Appellant's statements in support of his motions are largely incomprehensible, and he fails to provide any cogent argument that would support the granting of his motions. Consequently, they are denied.
 {¶ 21} Having overruled all three of appellant's assignments of error, and having denied appellant's two motions, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Motions denied; judgment affirmed.
 McGRATH and TYACK, JJ., concur. *Page 1