[Cite as *Lawton v. Howard*, 2014-Ohio-2660.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Norman H. Lawton,                          :

     Plaintiff-Appellant,           :               No. 13AP-878
                                                          (C.P.C. No. 12CVH-04-5403)
v.                                         :

                                           :               (REGULAR CALENDAR)

Katherine A. Howard,                       :

     Defendant-Appellee.            :

---

D E C I S I O N

Rendered on June 19, 2014

---

*Norman H. Lawton*, pro se.

*Sowald, Sowald, Anderson & Hawley*, and *Robert B. Hawley II*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Norman H. Lawton ("Lawton"), appeals from the October 3, 2013 judgment of the Franklin County Court of Common Pleas dismissing Lawton's complaint upon the motion of defendant-appellee, Katherine A. Howard ("Howard"). For the reasons that follow, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} On March 6, 2006, Howard filed in the Franklin County Court of Common Pleas, Division of Domestic Relations, a complaint for divorce from Lawton. See *Howard v. Lawton*, 10th Dist. No. 07AP-603, 2008-Ohio-767, ¶ 2. On May 2, 2006, the trial court ordered Howard to pay temporary spousal support to Lawton by maintaining medical insurance for Lawton and to pay the mortgage, taxes, insurance, and utilities for the marital residence. On October 25, 2006, Lawton moved for additional temporary spousal support, claiming that Howard "owed him $102,528 for caring for Howard's daughter, $50 for repair of a broken light fixture, $1,160.41 for repair of the air conditioning unit,

and $9.61 for gasoline used to power the lawn mower." *Id.* at ¶ 4. The trial court ordered Howard to reimburse only for the expenses related to the repair of the air conditioner.  On July 13, 2007, the trial court issued a judgment and decree of divorce, granting Lawton spousal support in the amount of $500 per month for two years, payable in a lump sum of $12,000.

{¶ 3} Lawton appealed from the July 13, 2007 judgment, asserting that the trial court erred in relevant part by denying him spousal support and compensation for caring for Howard's daughter in the years prior to the filing for divorce. We affirmed the judgment of the trial court, finding that the trial court acted within its discretion in awarding Lawton spousal support. Additionally, we found that R.C. 3105.18 did not entitle Lawton to compensation for childcare he allegedly provided during the marriage.

{¶ 4} In June 2008, the trial court found Lawton to be in contempt of its July 13, 2007 order and awarded to Howard a percentage of the attorney fees she incurred as a result of defending herself against baseless pleadings and prosecuting her contempt action. See *Howard v. Lawton*, 10th Dist. No. 08AP-548, 2009-Ohio-639, ¶ 3. Upon appeal, we affirmed the judgment of the trial court, finding that it did not abuse its discretion by finding Lawton in contempt. *Id.*

{¶ 5} On April 26, 2012, Lawton filed in the Franklin County Court of Common Pleas, General Division, a complaint against Howard. On July 19, 2012, Howard filed a motion to dismiss Lawton's complaint under Civ.R. 12(B)(1) and (6), or in the alternative to request a more definite statement under Civ.R. 12(E). On October 3, 2013, the trial court granted Howard's motion to dismiss under Civ.R. 12(B)(1) and (6).

## II.  Assignments of Error

{¶ 6} Lawton timely appeals, assigning the following four errors:

I.  The trial court should have granted the valid complaint referring to Rules of Civil Procedure R 12 Defense and objections ... (B) How presented (1) lack of jurisdiction over the Subject matter (6) failure to state a claim upon which relief can be granted that was wrongly decided by abuse of discretion and non compliance of law.

II.  The trial court should have adjudicated the civil criminal matter having valid founded charges of common law fraud, all elements required by Ohio law, and right to claim for relief sought specified and presented evidence by defendant that

money still owed and promise to pay in letter dated September 28, 2007 for the amount of $8000.00 having notice been given on November 19, 2009 during court recess in front of the representing attorney and the plaintiff approximately 10 AM outside end of hall courtroom 373 South High Street Columbus, Ohio, and certified letter mailed March 28, 2012 accepted to facts that money owed and filing of complaint for tort judgment following no action within 30 days specific facts and amount of $8000.00 for which the trial court has jurisdiction by original jurisdiction RC 2931.03 and RC 2305.09. a four year tort claim supported by grounds of fraud (C) and filed within the four year discovery time limit.

III. The trial court should have adjudicated a fraudulent claim of contract of marriage performed under false pretenses, sham marriage having been completed divorce proceedings with a motive of not a "real marriage" but a motive to further the defendant's (her) occupational therapist career and benefit of gain of money by termination of marriage licensed in State of Florida Orange County on September 27, 1997 at Redeemer Lutheran Church 3377 Aloma Avenue Winter Park Florida officiated by Rev. David J. Nixon and filed with Orange County Court that ended in unexpected divorce on July 19, 2006 decree Franklin County Court of Common Pleas Domestic Relations Columbus, Ohio Judge June Galvin presiding having all required elements to satisfy Ohio law under jurisdiction of RC 2931.03 violating Ohio civil criminal law RC 2921.13 and completed requirements to correct interstate impediments State Florida statute law and to correct false identity defendant contract under false pretenses and inform federal agencies of retirement benefit fraud.

IV. The trial court should have adjudicated a claim of theft and aggravated theft of money for services completed in entirety fraud under RC 2305.09, four year tort (C) supported by grounds of fraud for breach of contract with all required elements of duty necessary (RC 3103.03 (D)), contract and money owed with defendant being informed of money still owed, face to face initiated by the defendant, both parties of sound mind, at approximately 6 PM on November 8, 2000 in the residence kitchen of 2750 Mc Vey Blvd West Columbus, Ohio to perform domestic services-adult child care services at her same residence with documented detail specific dates, times, hours, tasks commencing henceforth mutually agreed November 8, 2000 and unexpected ending upon the notice of divorce complaint received March 9, 2006 having completed the contract and no further responsibilities but receiving no

money allowable payment by law, mutual agreement for defendant's custody minor child Jennifer Lynn Howard born August 10, 1992 contract facts documented in case 06 DR 1051 and 12 cv 5403 records satisfying all requirements for relief of reasonable rate of money researched comparable three child care businesses within the same area, same time doing the same services for the same age child and acceptable to the plaintiff and by rights entitled claim for relief settlement having completed the contract.

(Sic passim.)

{¶ 7} Because Lawton's assignments of error are interrelated, we will address them jointly. Although the arguments raised in Lawton's pro se brief are difficult to discern, he essentially contends the trial court erred by dismissing his complaint, as he claims he asserted causes of action sufficient to survive Howard's motion to dismiss. Howard responds that the trial court properly granted her motion to dismiss because the trial court lacked subject-matter jurisdiction, and Lawton's complaint failed to state a claim upon which relief can be granted. We first examine whether dismissal was proper under Civ.R. 12(B)(1).

{¶ 8} When presented with a motion to dismiss for lack of subject-matter jurisdiction under Civ.R. 12(B)(1), a trial court must determine whether the complaint states any cause of action cognizable in the forum. *Interim Healthcare of Columbus, Inc. v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 07AP–747, 2008-Ohio-2286, ¶ 7. A trial court is not constrained to the allegations of the complaint when determining subject-matter jurisdiction under Civ.R. 12(B)(1) and may consider other pertinent material without converting the motion into a motion for summary judgment. *Washington Mut. Bank v. Beatley*, 10th Dist. No. 06AP-1189, 2008-Ohio-1679, ¶ 9, citing *Southgate Dev. Corp. v. Columbia Gas Transmission Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus. An appellate court reviews de novo the dismissal of a complaint for lack of subject-matter jurisdiction under Civ.R. 12(B)(1). *Id.*

{¶ 9} The General Assembly defines the jurisdiction of the courts of common pleas and their respective divisions. Ohio Constitution, Article IV, Sections 4(A) and (B). R.C. 2301.03(A) establishes the general jurisdiction of the judges of the Franklin County Court of Common Pleas, Division of Domestic Relations, as follows: "[T]he judges * * * shall * * * exercise the same powers and jurisdiction * * * as other judges of the court of

common pleas of Franklin county." R.C. 2301.03(A) also grants exclusive authority to judges of the domestic relations division in specified matters: "They shall have all the powers relating to juvenile courts, and all cases under Chapters 2151. and 2152. of the Revised Code, all parentage proceedings under Chapter 3111. of the Revised Code over which the juvenile court has jurisdiction, *and all divorce, dissolution of marriage, legal separation, and annulment cases shall be assigned to them*." (Emphasis added.) The granting of all powers in marriage-related cases to the domestic relations division limits "the ability of other common pleas judges to preside over those cases." *Pula v. Pula-Branch*, 129 Ohio St.3d 196, 2011-Ohio-2896, ¶ 6. *See also Keen v. Keen*, 157 Ohio App.3d 379, 2004-Ohio-2961, ¶ 12 (2d Dist.). However, "there is no limiting language preventing domestic relations judges from having jurisdiction over other cases—they retain 'the same powers and jurisdiction * * * as other judges of the court of common pleas.' " *Pula* at ¶ 6.[1]

{¶ 10} Here, Lawton's complaint alleges that Howard committed fraudulent actions, including failing to pay him money she owed pursuant to the trial court's order and "a fraudulent sham marriage," and he alleges breach of contract for Howard's failure to pay him for his support of her minor child. Although Lawton couches his complaint in terms of fraud and breach of contract, in actuality, his complaint serves to contest the prior judgment and decree of divorce issued by the domestic relations division of the court of common pleas. Indeed, the complaint seems to directly assert this proposition by stating: "Since the marriage has been proven fraudulent having impediment subsequent to a divorce initiated by the defendant and closed by Ohio statute law voids the divorce action case 06 DR 1051." (Complaint, 2.)

{¶ 11} Insofar as Lawton's complaint raises claims for relief that modify the judgment and decree of divorce issued by the domestic relations division of the common pleas court, the trial court was without jurisdiction to address such claims. *Id.* Accordingly, dismissal was proper under Civ.R. 12(B)(1).

{¶ 12} Although concluding that dismissal was properly granted under Civ.R. 12(B)(1) ordinarily ends our analysis, we nevertheless consider whether dismissal was proper under Civ.R. 12(B)(6). A motion to dismiss for failure to state a claim upon which

[1] Although the Supreme Court of Ohio in *Pula* examined the powers of the judges of the Cuyahoga County Domestic Relations Court, pursuant to R.C. 2301.03(L)(1), the quoted language is identical to statutory text providing the jurisdiction of the judges of the Franklin County Court of Common Pleas, Division of Domestic Relations. *Compare* R.C. 2301.03(A) with 2301.03(L)(1).

relief can be granted under Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint. *Washington Mut. Bank v. Beatley*, 10th Dist. No. 06AP-1189, 2008-Ohio-1679, ¶ 12. In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him or her to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975), syllabus. "In contrast to the resolution of a Civ.R. 12(B)(1) motion, a trial court may consider only the statements and facts contained in the pleadings and may not consider or rely on evidence outside the complaint when resolving a Civ.R. 12(B)(6) motion to dismiss." *Washington Mut. Bank* at ¶ 13. An appellate court reviews de novo the dismissal of a complaint under Civ.R. 12(B)(6). *Id.* at ¶ 12.

{¶ 13} Here, Lawton states that he filed his complaint pursuant to R.C. 2305.09 for a violation of R.C. 3103.03(D). R.C. 3103.03(D) provides that a person acting in good faith who supplies an unemancipated, neglected, minor child with necessities may recover the reasonable value for such necessities from the parent who neglected to support the minor child. R.C. 2305.09 provides that actions for "relief on the ground of fraud" shall be brought within four years after the accrual of the cause of action.

{¶ 14} "Although Civ.R. 8(A)(1) states that a pleading setting forth a claim of relief need contain only 'a short and plain statement of the claim showing that the party is entitled to relief,' a 'heightened standard' of pleading is required when a party brings a claim for fraud." *West v. West*, 10th Dist. No. 96APE11-1587 (Sept. 2, 1997), quoting *Byrd v. Faber*, 57 Ohio St.3d 56, 61 (1991). Civ.R. 9(B) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fraud contains the following elements: "(1) a representation (or concealment of a fact when there is a duty to disclose) (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 27.

{¶ 15} Because Lawton's complaint was "vague and unintelligible" and it "failed to allege any specific conduct on the part of the Defendant" giving rise to the alleged cause of

action, the trial court found that Lawton failed to comply with Civ.R. 9(B). (Oct. 3, 2013 Decision and Entry, 6-7.) After independently reviewing Howard's complaint, we agree with the trial court that Howard has failed to state a claim for fraud with sufficient particularity to satisfy the notice requirements of Civ.R. 9(B). *See West*. Additionally, even assuming that the cause of action for the alleged fraud did not accrue until the July 3, 2007 judgment of divorce, or even the September 28, 2007 letter Howard sent to Lawton,[2] Lawton's complaint would be outside the four-year limitation on actions for fraud. As a result, Lawton could prove no set of facts entitling him to recovery. *See O'Brien* at syllabus. Therefore, we find the trial court did not err in dismissing Lawton's complaint under Civ.R. 12(B)(6).

{¶ 16} Accordingly, we overrule Lawton's four assignments of error.

## III.  Motion for Sanctions

{¶ 17} Finally, we address the motions Lawton filed during the pendency of this appeal: (1) "Motion for Sanctions," and (2) a "Motion to Amend Sanctions." Lawton appears to seek sanctions for Howard and Howard's attorney due to conduct related to the present matter. Lawton's statements in support of his motions are largely incomprehensible, and he fails to provide any cogent argument that would support the granting of his motions. Consequently, his motions for sanctions are denied.

## IV.  Disposition

{¶ 18} Having overruled Lawton's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and O'GRADY, JJ., concur.

––––––––––––

[2] At page 38 of Lawton's complaint, he seems to allege this is the date he first discovered the fraud.