OPINION
{¶ 1} Defendants-appellants David L. Harrison, Sr. ("Harrison") and Denise Kohler ("Kohler") bring these appeals from the judgment of the Court of Common Pleas of Auglaize County granting summary judgment to plaintiff-appellee The Ohio Government Risk Management Plan ("The Plan").
 {¶ 2} The Plan is a joint self-insured pool which provides coverage and benefits to all members similar in nature to traditional insurance coverage. During the times relevant to this case, the Plan provided coverage to the City of Wapakoneta ("Wapakoneta") and to Harrison as the Chief of Police of Wapakoneta. While Chief of Police, Harrison employed Kohler. Kohler subsequently sued Harrison and Wapakoneta alleging that Harrison, as Chief of Police, created a sexually hostile work environment, a breach of Kohler's right to privacy, sexual discrimination, invasion of privacy, intentional infliction of emotional distress, engaged in misfeasance, malfeasance, and nonfeasance, and violated her civil rights. Kohler alleged that these acts occurred while Harrison was acting in his official capacity and under color of state law.
 {¶ 3} On June 14, 2004, the Plan filed an action requesting the trial court find it had no duty to provide coverage or a defense to Harrison. Harrison and Kohler both filed their answers to the Plan's complaint on July 13, 2004. On September 16, 2004, the Plan filed a motion for summary judgment. Harrison and Kohler both filed memorandum contra to the Plan's motion for summary judgment on October 1, 2004. On October 4, 2004, the trial court granted partial summary judgment to the Plan finding that it had no duty to defend Harrison. Harrison and Kohler appeal from this judgment and both raise the following assignment of error.
The trial court erred to the prejudice of [Harrison] in granting [thePlan's] motion for summary judgment.
 {¶ 4} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks,
supra.
 {¶ 5} The question raised by the assignment of error is whether a dispute over a material fact exists as to whether the Plan has a duty to defend Harrison. When the complaint brings the action within the coverage of the policy, the insurer is required to make defense, regardless of the ultimate outcome of the action or its liability to the insured.Cincinnati Ins. Co. v. Anders, 99 Ohio St.3d 156, 2003-Ohio-3048,789 N.E.2d 1094 (citing Motorists Mut. Ins. Co. v. Trainor (1973),33 Ohio St.2d 41, 294 N.E.2d 874). "Where the allegations state a claim that falls either potentially or arguably within the liability insurance coverage, the insurer must defend the insured in the action." Id. at ¶ 18 (citing Willoughby Hills v. Cincinnati Ins. Co. (1984),9 Ohio St.3d 177, 459 N.E.2d 555). However, "where the conduct which prompted the underlying * * * suit is so indisputably outside coverage, we discern no basis for requiring the insurance company to defend or indemnify its insured simply because the underlying complaint alleges conduct within coverage." Id. at ¶ 21 (citing Preferred Risk Ins. Co.v. Gill (1987), 30 Ohio St.3d 108, 507 N.E.2d 1118. The Supreme Court noted that the policy in Preferred did not contain language promising to defend the insured against groundless, false or fraudulent claims, which permitted the denial of coverage based upon the facts in that case. Id. Thus, unless the claims alleged in the complaint are indisputably outside of coverage, the Plan would have a duty to defend, regardless of whether it must indemnify the insured.
 {¶ 6} In this case, the policy was issued to the City of Wapakoneta, which was the named insured. The policy provided for coverage of any executive officers while acting within the scope of his duties. OP064. The policy also provided coverage for any elected official of the named insured and for any employee of the named insured. OP066. Harrison was the Chief of Police of Wapakoneta. Thus, he qualifies as an insured under the policy.
 {¶ 7} Once it is determined that Harrison is an insured, the next question is whether he is arguably entitled to coverage under the facts of this case. The policy provides as follows:
{¶ 8} The Company will pay on behalf of the insured any loss which theinsured shall become legally obligated to pay on account of any claimbrought against the insured by reason of any wrongful act which occurswithin the policy territory and during the policy period.
 {¶ 9} The Company shall have the right and duty to defend any suitagainst the insured alleging a wrongful act covered under this form, evenif any of the allegations of the suit are groundless, false or fraudulent* * * [.]
* * *
{¶ 10} This insurance does not apply:
* * *
{¶ 11} To any dishonest, fraudulent, criminal or malicious act, erroror omission.
 {¶ 12} OP073. Wrongful act is defined as "any actual or alleged error, misstatement or misleading statement, act or omission or neglect or breach of duty, including misfeasance, malfeasance, nonfeasance, Violation of Civil Rights, Discrimination, * * * and Improper Service of Process by the `insured' in their official capacity, individually or collectively, or any matter claimed against them solely by reason of their having served or acted in an official capacity. OP074.
 {¶ 13} Under the Law Enforcement Agency/Officers Professional Liability Endorsement, the policy provides coverage for claims of personal injuries claimed against the insured because of alleged wrongful acts. OP077. The definition of personal injury includes claims for discrimination, civil rights violations, and invasions of privacy committed in the regular course of duty by the insured. Id. A wrongful act is defined as a breach of duty while acting or failing to act, within the scope of the officer's duties. Id.
 {¶ 14} The facts of this case allege that the causes of action arose from Kohler's employment with Wapakoneta under the control of Harrison. Kohler alleged that Harrison's actions were taken in the course of his duties. Although the actions may not have been in furtherance of Harrison's official duties, he was only able to take those actions because of his position. The policy specifically provides that it will defend a suit for any wrongful act even if the complaint is groundless or false. Additionally, the policy specifies that it will defend suits for misfeasance, malfeasance, nonfeasance, civil rights violations, and discrimination. These are the claims made by Kohler. The fact that some of the actions taken by Harrison were criminal, which would preclude coverage, is not alone sufficient to deny the duty to defend. While some of the actions were criminal, not all of the acts alleged were criminal in nature. Nor is it clear that those acts were taken maliciously. Viewing the evidence in the light most favorable to Harrison, the claims made are not indisputably outside the coverage of the insurance policy and the Plan has a duty to defend. Thus, the assignment of error is sustained.
 {¶ 15} The judgments of the Court of Common Pleas of Auglaize County are reversed and cause is remanded for further proceedings.
Judgments reversed and cause remanded.
 Rogers, J., concurs.
 Cupp, P.J., concurs in judgment only.