OPINION
{¶ 1} Plaintiff-appellant Cooper Tire Rubber Company ("Cooper") brings this appeal from the judgment of the Court of Common Pleas of Hancock County granting summary judgment to defendant-appellee Travelers Casualty and Surety Company ("Travelers").
 {¶ 2} On February 24, 1993, Kim Caudill ("Caudill"), a Cooper employee was injured while working at Cooper's plant in Findlay, Ohio. Caudill filed a suit *Page 3 
for bodily injury resulting from the accident on February 28, 1995. The complaint alleged that Cooper failed to provide a safe place of employment and required Caudill to work in a location with hazards which were substantially certain to cause serious physical harm. The complaint was promptly passed on to Travelers, the insurance company for Cooper at the time of the accident. On June 20, 1995, Travelers agreed to pay defense costs under a reservation of rights. A few months later, Travelers determined that it was not under any obligation to defend the suit and denied coverage. Cooper then filed suit against Travelers on December 7, 1998, requesting damages for breach of contract and requesting declaratory relief. Travelers moved for summary judgment on March 5, 1999. In June of 1999, Cooper settled the suit with Caudill. Cooper then filed its own motion for summary judgment on July 27, 1999. Cooper on December 3, 1999, moved the court for leave to amend its complaint to add a claim for bad faith. This motion was never resolved and is presumed denied. Georgoff v. O'Brien (1995), 105 Ohio App.3d 373,663 N.E.2d 1348. On July 26, 2006, the trial court granted Travelers motion for summary judgment and denied Cooper's motion for summary judgment. Cooper now appeals from this judgment and raises the following assignments of error.
 The trial court reversibly erred in holding in its July 26, 2006, Judgment Entry that Exclusion 5 precluded coverage for the Caudill lawsuit even where there was no determination by a *Page 4 court or jury that Cooper committed the alleged act with the belief that injury was substantially certain to occur.
 The trial court reversibly erred in failing to find that Travelers is obligated to pay the full amount of the settlement of the Caudill lawsuit.
 {¶ 3} The first assignment of error claims that the trial court erred in granting summary judgment to Travelers. When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Franks v. The Lima News (1996),109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issues as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howardv. Ferreri (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 4} Here, Travelers provided Cooper with a Workers Compensation and Employers Liability Policy that was in effect from April 1, 1992, until April 1, 1993. This policy states in pertinent part as follows. *Page 5 
 This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.
 1. The bodily injury must arise out of and in the course of the injured employee's employment by you.
 2. The employment must be necessary or incidental to your work in a state or territory listed in item 3.A. of the Information Page.
 3. Bodily injury by accident must occur during the policy period.
 * * *
 We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability insurance.
 * * *
 This insurance does not cover
 * * *
 bodily injury intentionally caused or aggravated by you, or bodily injury resulting from an act which is determined to have been committed by you with the belief that an injury is substantially certain to occur. (emphasis added).
 * * *
 We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.
 We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or *Page 6 continue defending after we have paid our applicable limit of liability under this insurance.
Policy, 2-3, and Ohio Coverage Endorsement. This court notes that there is no dispute that the premiums were paid or that Cooper did not comply with its notification duties. The sole dispute before this court is whether the policy requires Travelers to defend and /or indemnify Cooper in the suit.
 {¶ 5} When the complaint brings the action within the coverage of the policy, the insurer is required to provide a defense, regardless of the ultimate outcome of the action or its liability to the insured.Cincinnati Ins. Co. v. Anders, 99 Ohio St.3d 156, 2003-Ohio-3048,789 N.E.2d 1094 (citing Motorists Mut. Ins. Co. v. Trainor (1973),33 Ohio St.2d 41, 294 N.E.2d 874). "Where the allegations state a claim that falls either potentially or arguably within the liability insurance coverage, the insurer must defend the insured in the action." Id. at ¶ 18. However, "where the conduct which prompted the underlying * * * suit is so indisputably outside coverage, we discern no basis for requiring the insurance company to defend or indemnify its insured simply because the underlying complaint alleges conduct within coverage." Id. at ¶ 21 (citing Preferred Risk Ins. Co. v. Gill (1987),30 Ohio St.3d 108, 407 N.E.2d 1118). Unless the claims alleged in the complaint are indisputably outside of coverage, the Plan would have a duty to defend, regardless of whether it must indemnify the insured.The Ohio Government Risk Management Plan v. Harrison, et al., *Page 7 
161 Ohio App.3d 726, 2005-Ohio-3235, ¶ 5, 831 N.E.2d 1079. "The duty to defend an action is not determined by the action's ultimate outcome or the insurer's ultimate liability." City of Sharonville v. Am. Emps. Ins. Co.,109 Ohio St.3d 186, 2006-Ohio-2180, ¶ 13, 846 N.E.2d 833.
 {¶ 6} In this case, the policy specifically excludes liability for bodily injury from an act "determined to have been committed by [the insured] with the belief that an injury is substantially certain to occur." Because this type of coverage, is denied, the policy also provides for an exclusion of the duty to defend on this type of claim. However, the question is whether the act, or failure to act as is claimed in this case, has been "determined" to be committed by Cooper with the belief that harm was substantially certain to occur. The policy does not specify how this is to be determined or by whom.
 {¶ 7} "[A]n ambiguity in an insurance contract is ordinarily interpreted against the insurer and in favor of the insured."Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 13,797 N.E.2d 1256. "Words and phrases used in an insurance policy must be given their natural and commonly accepted meaning." U.S.Fidelity and Guar. Co. v. Lightning Rod Mut. Ins. Co. (1997),80 Ohio St.3d 584, 585, 687 N.E.2d 717. "An exclusion in an insurance policy will be interpreted as applying only to that which is clearly intended to be excluded." *Page 8 City of Sharonville, supra at ¶ 6. The exclusion must be clear and exact in its language to be given effect. U.S. Fidelity, supra at 586.
 {¶ 8} Here, Travelers claims that the clear intent of the exclusion was to bar all coverage and defense for all employer intentional torts. Cooper responds by claiming that since the exclusion contains the term "determined," the exclusion is not clear. "Determined" is defined as "decided or resolved." The American Heritage Dictionary (2d Ed. 1985), 388. Cooper claims that this means that a finder of fact must decide whether the exclusion applies. A review of the policy does not indicate that this argument is unreasonable. The clear language of the exclusion requires that a determination must be made prior to the exclusion being enforceable. The only context in the law for the language "determined to have been committed by you with the belief that an injury is substantially certain to occur" is found in the three part test for proving intent during a trial stated by the Ohio Supreme Court inFyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108. By using the words of Fyffe, the plain meaning of the policy language implicates a determination made by either a judge or jury. In addition, the question is raised whether the determination can be made prior to the duty to defend being raised. Since no judicial determination can be made prior to the *Page 9 
conclusion of the case, Travelers may still have a duty to defend without the subsequent liability.[1]
 {¶ 9} When reviewing a motion for summary judgment, the court must make every reasonable inference in favor of the nonmoving party, which in this case is Cooper. Since Cooper's interpretation of the language is not unreasonable, the trial court erred in granting summary judgment as a genuine issue of material fact exists as to the interpretation of the terms of the policy. The first assignment of error is sustained.
 {¶ 10} Next, Cooper claims that the trial court erred in denying it summary judgment on the claim that Travelers should be required to pay the full settlement of the Caudill lawsuit. As discussed above, the plain language of the statute is ambiguous about when the exclusion actually applies. "If the language of the insurance policy is doubtful, uncertain, or ambiguous, the language will be construed strictly against the insurer and liberally in favor of the insured." Progressive Ins. Co.v. Heritage Ins. Co. (1996), 113 Ohio App.3d 781, 682 N.E.2d 33.
 The promises to defend and indemnify impose separate duties, triggered by different events. The duty to indemnify is triggered by the insured's actual legal liability. The duty to defend is a prior duty that's triggered by the insured's demand that the insurer provide a defense to a claim of alleged liability. *Page 10 
Gideone Mut. Ins. Co. v. Reno, 2nd Dist. No. 01-CA-68, 2002-Ohio-2057 at ¶ 17.
 {¶ 11} The exclusion in dispute in this case states that there will be no coverage for "bodily injury resulting from an act which is determined to have been committed by you with the belief that an injury is substantially certain to occur." Policy, Ohio Coverage Endorsement. Here, there has been no determination that injury resulted from an act of Cooper committed with the belief that an injury was substantially certain to occur. This court notes that the mere allegation claimed in a complaint is not a determination. Travelers chose the language of its exclusion and possessed the ability to define all the terms included within the policy. While Travelers does not have a duty to indemnify Cooper for damages resulting from a determination per the plain language of the policy, no such determination has been made in this case as the matter was settled prior to a determination. "Unless it is clear and unequivocal that the insurer has no duty of coverage, coverage must be provided." Gideone, supra at ¶ 18. Since the exclusion does not clearly deny coverage in this case, coverage must be provided. The second assignment of error is sustained.
 {¶ 12} The judgment of the Court of Common Pleas of Hancock County is reversed and remanded for further proceedings.
Judgment reversed and remanded. SHAW, J., concurs. *Page 11 
 ROGERS, P.J., concurs in judgment only. r
[1] Whether Travelers would be entitled to recover the cost of the defense is not an issue before this court at this time. *Page 1