**2010–1275.   Ward v. United Foundries, Inc.**

Stark App. No. 2009 CA 00019. On review of order certifying a conflict. The court determines that a conflict exists. The parties are to brief the issue stated in the court of appeals' Judgment Entry filed June 23, 2010:

"Whether an exclusion in a commercial general liability insurance policy and/or stop gap endorsement form, stating the insurance does not apply to "bodily injury intentionally caused or aggravated by you, or bodily injury resulting from an act which is determined to have been committed by you with the belief that an injury is substantially certain to occur" requires a final determination made by either a judge or a jury before the defense of a claim for a substantial certainty employer intentional tort can be denied."

O'DONNELL, J., dissents.

The conflict case is *Cooper Tire & Rubber Co. v. Travelers Cas. & Sur. Co.,* Hancock App. No. 5–06–40, 2007-Ohio-1905.

Sua sponte, cause consolidated with 2010-1049, *Ward v. United Foundries, Inc.,* Stark App. No. 2009 CA 00019.

**2010–1303.   State v. Dugger.**

Cuyahoga App. No. 94669. On motion for leave to file delayed appeal. Motion denied.

BROWN, C.J., and PFEIFER and LUNDBERG STRATTON, JJ., dissent.

**2010–1308.   State v. Skaggs.**

Clark App. No. 08CA0074, 185 Ohio App.3d 752, 2010-Ohio-302. On motion for leave to file delayed appeal. Motion denied.

BROWN, C.J., and PFEIFER and LANZINGER, JJ., dissent.

**2010–1319.   State v. Ponce.**

Cuyahoga App. No. 91329, 2010-Ohio-1741. On motion for leave to file delayed appeal. Motion granted.

O'CONNOR, LANZINGER and CUPP, JJ., dissent.

**2010–1320.   State v. Wallace.**

Hamilton App. No. C–090272. On motion for leave to file delayed appeal. Motion denied.

BROWN, C.J., and PFEIFER and CUPP, JJ., dissent.

**2010–1372.   State v. Lester.**

Auglaize App. No. 2–10–20. On review of order certifying a conflict. The court determines that a conflict exists. The parties are to brief the issue stated in the court of appeals' Judgment Entry filed July 12, 2010:

"Is a *nunc pro tunc* judgment filed for the purpose of correcting a clerical omission in a prior sentencing judgment by adding "means of conviction" language, which was readily apparent throughout the record and to the parties but not originally included as required by Crim.R. 32(C), a final order subject to appeal?"

O'CONNOR, J., would answer the question on the authority of *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and reverse the judgment of the court of appeals.

PFEIFER and O'DONNELL, JJ., dissent.

The conflict case is *State v. Lamkin,* Lucas App. No. L–09–1270, 2010-Ohio-1971.

Sua sponte, cause consolidated with 2010-1007, *State v. Lester,* Auglaize App. No. 2–10–20.

**2010–1380.   State v. Thomas.**

Hamilton App. No. C–090508. On motion for leave to file delayed appeal. Motion denied. Motion to file enclosures denied as moot.

PFEIFER, J., dissents.