Lanzinger, J.,
concurring.
{¶ 24} I concur in the court’s opinion, but write separately to note that our decision today leaves open the question whether new appellate rights arise from a new sentencing entry issued in order to comply with Crim.R. 32(C).[2] We have held that a sentencing entry that violates Crim.R. 32(C) renders that entry nonappealable. State ex rel. Culgan v. Medina Cty. Court of Common Pleas, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, ¶ 9. In light of the facts of the present case, we eventually will need to determine what effect an appellate decision has when the appellate court’s jurisdiction was premised upon a sentencing entry that violated Crim.R. 32(C) and was thus nonappealable.
*242 Timothy Young, Ohio Public Defender, and E. Kelly Mihocik, Assistant Public Defender, urging affirmance for amicus curiae Ohio Public Defender.

. The state has raised this issue in its second proposition of law in State v. Allen, ease No.2010-1342, 126 Ohio St.3d 1615, 2010-Ohio-5101, 935 N.E.2d 854, and State v. Smith, case No. 2010-1345, 126 Ohio St.3d 1615, 2010-Ohio-5101, 935 N.E.2d 854, both of which we accepted for review and held for our decision in this case. The issue is also pending in State v. Lester, which we agreed to review on order of a certified conflict and on a discretionary appeal, case Nos. 2010-1007, 126 Ohio St.3d 1581, 2010-Ohio-4542, 934 N.E.2d 354 and 2010-1372, 126 Ohio St.3d 1579, 2010-Ohio-4542, 934 N.E.2d 353.