PULA ET AL., APPELLANTS, *v*. PULA-BRANCH, APPELLEE.

[Cite as *Pula v. Pula-Branch,* 129 Ohio St.3d 196, 2011-Ohio-2896.]

*Uniform Interstate Family Support Act — R.C. Chapter 3115 — Domestic relations courts are authorized to decide cases brought under UIFSA — Judgment reversed, and cause remanded.*

(No. 2010-0985 — Submitted April 6, 2011 — Decided June 22, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 93460, 2010-Ohio-912.

_____

PFEIFER, J.

{¶ 1} This case concerns which courts have jurisdiction to address interstate petitions of child support brought under the Uniform Interstate Family Support Act ("UIFSA"), R.C. Chapter 3115. The specific issue is whether the domestic relations division of the Cuyahoga County Common Pleas Court has subject-matter jurisdiction over an interstate support order when the order is unrelated to a divorce, dissolution of marriage, legal separation, or annulment. We hold that the Cuyahoga County Domestic Relations Court does have subject-matter jurisdiction in this case.

**Factual and Procedural Background**

{¶ 2} Appellant Ruby K. Pula is a resident of Hawaii and the custodian and maternal grandmother of K.G.P., a minor child born out of wedlock. K.G.P. resides with Pula; appellee, Adrienne Haunani Pula-Branch, K.G.P.'s birth mother, lives in Cleveland. On November 18, 2008, on Pula's behalf, appellant Cuyahoga Support Enforcement Agency ("CSEA") filed in the domestic relations court a petition for child support and medical coverage against Pula-Branch.

**{¶ 3}** On May 15, 2009, the trial court issued a child-support order, but CSEA timely appealed to the Eighth District Court of Appeals, challenging the trial court's calculation of child-support obligations. On January 20, 2010, the appellate court sua sponte raised the issue of the domestic court's jurisdiction over the underlying action and ordered briefing. The court ultimately concluded that the domestic relations court lacked subject-matter jurisdiction over the petition. The court held that the Cuyahoga County Domestic Relations Court's jurisdiction was limited by R.C. 2301.03(L)(1) to matters involving "a divorce, dissolution of marriage, legal separation, or annulment" and reasoned that since this case involved none of the actions set forth in R.C. 2301.01(L)(1), the Cuyahoga County Domestic Relations Court had no jurisdiction to address a UIFSA support order. *Pula v. Pula-Branch*, Cuyahoga App. No. 93460, 2010-Ohio-912, ¶ 8. The court noted that the case would be properly brought in juvenile court pursuant to R.C. 2151.23(B)(3), which states that the juvenile court has original jurisdiction under the UIFSA. Id. at ¶ 14, fn. 4. The appellate court ordered the Cuyahoga County Domestic Relations Court to vacate its order for lack of subject-matter jurisdiction. *Pula* at ¶ 14.

**{¶ 4}** CSEA appealed. The cause is before this court upon the acceptance of a discretionary appeal. *Pula v. Pula-Branch* 126 Ohio St.3d 1581, 2010-Ohio-4542, 934 N.E.2d 354.

## Law and Analysis

**{¶ 5}** The UIFSA is codified in Ohio in R.C. Chapter 3115. Pursuant to R.C. 3115.16(B)(1), a "responding tribunal" that receives a complaint from an initiating state may issue or enforce a support order "to the extent otherwise authorized by law." R.C. 3115.01(R) defines "[r]esponding tribunal" as "the authorized tribunal in a responding state"; the definition of "[t]ribunal" in R.C. 3115.01(X) includes "any trial court of record of this state." There is no dispute that the domestic relations court is a tribunal under the statute. The central issue

of this case is whether that court is "authorized"; the appellate court held that the Cuyahoga County Domestic Relations Court is authorized to hear and decide only cases that relate to a divorce, dissolution, legal separation, or annulment of a marriage. *Pula*, 2010-Ohio-912, ¶ 14. We disagree with the determination that the court's jurisdiction is so limited and therefore reverse the judgment of court of appeals.

{¶ 6} The General Assembly defines the jurisdiction of the courts of common pleas and their respective divisions. Sections 4(A) and (B), Article IV, Ohio Constitution. R.C. 2301.03 establishes the jurisdiction of the state's domestic relations courts in separate subsections; their jurisdiction can vary by county. R.C. 2301.03(L)(1) applies specifically to the judges of Cuyahoga County Domestic Relations Court. That statute sets forth that the judges of that domestic relations court "shall * * * exercise the same powers and jurisdiction * * * as other judges of the court of common pleas of Cuyahoga county and shall be elected and designated as judges of the court of common pleas, division of domestic relations. They shall have all the powers relating to all divorce, dissolution of marriage, legal separation, and annulment cases, except in cases that are assigned to some other judge of the court of common pleas for some special reason." R.C. 2301.03(L)(1) grants all the power in marriage-related cases to the domestic relations division, thus limiting the ability of other common pleas judges to preside over those cases. Conversely, there is no limiting language preventing domestic relations judges from having jurisdiction over other cases – they retain "the same powers and jurisdiction * * * as other judges of the court of common pleas." Thus, R.C. 2301.03(L)(1) is not a limiting provision, but rather a specific grant of authority.

{¶ 7} The appellate court held that Pula's petition should have been filed in juvenile court. Pula, 2010-Ohio-912, ¶ 14, fn. 4. R.C. 2151.23(B), which deals with the original jurisdiction of juvenile courts, states that juvenile courts have

original jurisdiction "[u]nder the uniform interstate family support act in Chapter 3115. of the Revised Code." R.C. 2151.23(B)(3). But that jurisdiction is not exclusive. R.C. 2151.23(A) sets forth the exclusive original jurisdiction of juvenile courts, and UIFSA cases are not listed among the matters over which juvenile courts have exclusive jurisdiction. This court has held that the distinction between exclusive original jurisdiction and nonexclusive original jurisdiction is crucial. In *Brookbank v. Gray* (1996), 74 Ohio St.3d 279, 658 N.E.2d 724, paragraph three of the syllabus, this court held that the issue of an illegitimate child's paternity may be litigated in a wrongful-death case in the court of common pleas. We held that although the "juvenile court has been given 'original jurisdiction' to determine the paternity of children born out of wedlock[,] * * *[t]his is in contrast to the 'exclusive original jurisdiction' given to the juvenile court over other matters." *Brookbank* at 293, quoting R.C. 2151.23(A) and (B)(3).

{¶ 8} Indeed, cases brought pursuant to R.C. Chapter 3115 are explicitly excluded from the juvenile court's exclusive jurisdiction. R.C. 2151.23(A)(11) grants exclusive jurisdiction to juvenile courts to "hear and determine a request for an order for the support of any child if the request is not ancillary to an action for divorce, dissolution of marriage, annulment, or legal separation, * * * *or an action for support brought under Chapter 3115. of the Revised Code*." (Emphasis added.) Thus, if the sought-after support order arises in a domestic relations case or an R.C. Chapter 3115 case, the juvenile court does not have exclusive jurisdiction over support orders. Since juvenile courts do not have exclusive jurisdiction under R.C. Chapter 3115 claims, other courts may hear those cases.

{¶ 9} The UIFSA is remedial legislation and as such, pursuant to R.C. 1.11, must be "liberally construed in order to promote [its] object and assist the parties in obtaining justice." The facilitation of interstate support orders would not be promoted by foreclosing the Cuyahoga County Domestic Relations Court from considering UIFSA cases that do not arise from a marriage. The Cuyahoga

County Domestic Relations Court is a trial court of record in Ohio, one attuned to crafting support orders. The jurisdiction of the domestic relations division of the Cuyahoga County Common Pleas Court is not limited by statute to cases involving marriage, divorce, separation, or annulment; those judges "exercise the same powers and jurisdiction * * * as other judges of the court of common pleas of Cuyahoga county." R.C. 2301.03(L)(1). Finally, jurisdiction over an action for support brought under R.C. Chapter 3115 is not exclusive to juvenile courts. R.C. 2151.23(A)(11).

{¶ 10} Therefore, we hold that the Cuyahoga County Domestic Relations Court does have jurisdiction over an action for support brought pursuant to R.C. Chapter 3115, even if the action does not arise from a divorce, dissolution of marriage, legal separation, or annulment. Accordingly, we reverse the judgment of the court of appeals and remand the case to the appellate court for further determination consistent with this opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kestra Smith and Joseph Young, Assistant Prosecuting Attorneys, for appellant Cuyahoga Support Enforcement Agency.

Michael DeWine, Ohio Attorney General, Alexandra Schimmer, Solicitor General, Emily S. Schlesinger, Deputy Solicitor, and Alana R. Shockey, Assistant Attorney General, urging reversal for amicus curiae Ohio Attorney General.

_____