[Cite as *Pula v. Pula-Branch*, 2011-Ohio-4949.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 93460**

# RUBY K. PULA, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# ADRIENNE HAUNANI PULA-BRANCH

DEFENDANT-APPELLEE

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-323885

**BEFORE:**  Keough, J., Stewart, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**  September 29, 2011

**ATTORNEYS FOR APPELLANTS**

William D. Mason
Cuyahoga County Prosecutor

By: Kestra Smith
Assistant County Prosecutor
C.S.E.A.
P.O. Box 93923
Cleveland, OH 44113

Mark R. Marshall
P.O. Box 451146
Westlake, OH 44145

**FOR APPELLEE**

Adrienne H. Pula-Branch
3010 West 115th Street
Apt. 1
Cleveland, OH 44111

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Appellant Ruby K. Pula is a resident of Hawaii and the custodian and maternal grandmother of K.G.P., a minor child born out of wedlock in Hawaii. K.G.P. resides with Pula; appellee, Adrienne Haunani Pula-Branch, K.G.P.'s birth mother, lives in Cleveland. On November 18, 2008, appellant Cuyahoga Support Enforcement Agency ("CSEA"), on Pula's behalf and pursuant to the Uniform Interstate Family Support Act ("UIFSA"), R.C. Chapter 3115, filed in the domestic relations court a petition for child support and medical coverage against Pula-Branch.

{¶ 2} After a hearing, the magistrate issued a decision ordering Pula-Branch to

pay $61 per month in child support ($51 current child support plus $10 arrearage support). The magistrate's decision found that the birth certificate submitted with the petition identified Pula-Branch as K.G.P.'s natural mother. The decision further found that "Gregory Earl Gates, Jr. * * * is identified on the birth certificate as the child's father." Nevertheless, the magistrate found that "there is no evidence verifying the establishment of paternity" and concluded that it would therefore be inequitable to include Gates's income in any child support calculation. Hence, the magistrate calculated Pula-Branch's support obligation as if she were K.G.P.'s sole parent, thereby substantially reducing Pula-Branch's obligation.

{¶ 3} The trial court subsequently overruled CSEA's objections to the magistrate's decision and adopted the decision in its entirety. On appeal, this court held that the domestic relations division of the Cuyahoga County Common Pleas Court lacks subject matter jurisdiction over a UIFSA petition, and therefore reversed and remanded with instructions to the trial court to vacate its order. *Pula v. Pula-Branch*, Cuyahoga App. No. 93460, 2010-Ohio-912. The Ohio Supreme Court subsequently reversed our decision and remanded for consideration of the merits of CSEA's appeal. *Pula v. Pula-Branch*, 129 Ohio St.3d 196, 2011-Ohio-2896, 951 N.E.2d 72.

{¶ 4} CSEA raises two assignments of error on appeal. In its first assignment of error, CSEA argues that the trial court abused its discretion when it refused to recognize that paternity had been legally established. In its second assignment of error, CSEA argues that the trial court's conclusion that paternity had not been established was against

the manifest weight of the evidence.

{¶ 5}   A trial court's decision concerning child support issues will not be reversed absent an abuse of discretion.   *H.N.H. v. H.M.F.*, Cuyahoga App. No. 84642, 2005-Ohio-1869, ¶6, citing *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028.   The term "abuse of discretion" implies that the court's attitude was unreasonable, arbitrary or unconscionable.   *Booth* at 144.

{¶ 6}   Under R.C. 3705.09(F)(2), "[i]f the mother was not married at the time of conception or birth * * *, the child shall be registered by the surname designated by the mother.   The name of the father of such child shall also be inserted on the birth certificate if both the mother and the father sign an acknowledgment of paternity affidavit before the birth record has been sent to the local registrar."

{¶ 7}   Under Haw. Rev. Stat. 584-3.5, "to expedite the establishment of paternity, each public and private birthing hospital or center and the department of health shall provide unwed parents the opportunity to voluntarily acknowledge the paternity of a child during the period immediately prior to or following the child's birth.   The voluntary acknowledgment of paternity shall be in writing and shall consist of a single form signed under oath by both the natural mother and the natural father and signed by a witness. * * * Each facility shall send to the department of health the original acknowledgment of paternity * * * so that the birth certificate issued includes the name of the legal father of the child * * *."

{¶ 8}   Furthermore, under Haw. Rev. Stat. 584-4(6), "[a] man is presumed to be

the natural father of a child if * * * [a] voluntary, written acknowledgment of paternity of the child signed by him under oath is filed with the department of health. * * * The voluntary acknowledgment of paternity by the presumed father * * * shall be the basis for establishing and enforcing a support obligation through a judicial proceeding."

{¶ 9}   Thus, under both Ohio and Hawaii law, where an unmarried woman gives birth to a child, the father's name appears on the birth certificate only when he has voluntarily acknowledged paternity in writing.   Furthermore, in Hawaii, a man's written acknowledgment of paternity creates a presumption that the man is the child's natural father.

{¶ 10} Here, K.G.P.'s birth certificate was provided to the magistrate.   And, as the magistrate's decision acknowledged, the birth certificate identified Gregory Earl Gates, Jr. as K.G.P.'s father.   Because Gates's name would not have appeared on the birth certificate unless he had voluntarily acknowledged paternity in writing, the birth certificate is indeed evidence of paternity.

{¶ 11} Accordingly, the trial court abused its discretion in finding that there was no evidence verifying the establishment of paternity.   Further, in light of the birth certificate, the magistrate's conclusion that paternity had not been established was against the manifest weight of the evidence.   The birth certificate listed Gates's name as K.G.P.'s father.   Further, K.G.P.'s surname, as listed on the birth certificate, is hyphenated and includes Gates's name.   Accordingly, the manifest weight of the evidence demonstrates that, as the petition for support stated, paternity had indeed been established.

**{¶ 12}** We, therefore, reverse the trial court's judgment and remand with instructions to the trial court to recognize the paternity established by the birth certificate and to recalculate Pula-Branch's support obligation using income figures for both parents.

Reversed and remanded.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR