[Cite as *Mizer v. Mizer*, 2014-Ohio-4488.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JULIE C. MIZER | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOSEPH E. MIZER | : | Case No. 2014CA0008 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common Pleas, Juvenile Division, Case No. 20640178


JUDGMENT:          Affirmed


DATE OF JUDGMENT:          October 8, 2014


APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

ROBERT A. SKELTON          BRIAN W. BENBOW
309 Main Street          605 Market Street
Coshocton, OH  43812          Zanesville, OH  43701

*Farmer, P.J.*

{¶1}   On January 1, 2003, appellant, Joseph Mizer, and appellee, Julie Mizer, were married.  One child was born as issue of the marriage, Jared born September 10, 2004.  On June 16, 2006, the Child Support Enforcement Agency (hereinafter "CSEA") filed a complaint to establish child support in the Juvenile Division of the Court of Common Pleas for Coshocton County.  On July 3, 2006, appellee filed a complaint for custody, also in the Juvenile Division.  By consent judgment filed August 8, 2006, appellee was named the residential parent and legal custodian of the child and child support was ordered.

{¶2}   On September 29, 2006, appellee filed a complaint for divorce in the General Division (Case No. 2006DV0712).

{¶3}   On June 4, 2007, appellee filed a motion in the Juvenile Division to transfer jurisdiction of the Juvenile Division case to the General Division because of the pending divorce complaint.  By judgment entry filed June 11, 2007, the trial court denied the motion.

{¶4}   On April 16, 2007, the divorce complaint was amended to a dissolution petition.  A shared parenting plan was filed on April 17, 2007.  On June 4, 2007, the dissolution petition was converted back to a divorce complaint.  A final decree of divorce was issued on October 31, 2007.  Following the divorce, the parties moved separately to Licking County, Ohio.

{¶5}   On April 17, 2013, appellant filed a motion in the General Division to terminate the shared parenting plan, and sought re-designation of residential parent.  On May 7, 2013, appellee filed the same motion.

{¶6} On April 19, 2013, appellant filed a motion in the Juvenile Division to modify child support.

{¶7} On June 13, 2013, appellant filed a motion in the General Division to transfer jurisdiction of the Juvenile Division case to the General Division. By judgment entry filed June 18, 2013, the trial court denied the motion.

{¶8} On June 17, 2013, appellant filed a motion in the Juvenile Division to transfer jurisdiction of the Juvenile Division case to the General Division. By judgment entry filed June 18, 2013, the trial court denied the motion.

{¶9} On June 24, 2013, appellant filed a shared parenting plan in the Juvenile Division, contemporaneously with a motion to terminate the previous shared parenting plan, and sought re-designation of residential parent.

{¶10} On July 10, 2013, the parties dismissed all pending motions in the General Division.

{¶11} On July 17, 2013, appellee filed a motion in the Juvenile Division to increase child support.

{¶12} Hearings before a Juvenile Division magistrate were held on October 15, and December 10, 2013. By decision filed January 31, 2014, the magistrate named appellee residential parent, denied shared parenting, and increased child support. Both parties filed objections. By judgment entry filed March 11, 2014, the trial court denied the objections, save for the issue of parenting time which both parties had objected to, made specific modifications to the parenting time schedule, and adopted the magistrate's decision.

{¶13} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶14} "THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO HEAR THIS MATTER HEREIN, AS THE COSHOCTON COUNTY COMMON PLEAS COURT, JUVENILE DIVISION, FIRST EXERCISED JURISDICTION OVER A CHILD SUPPORT MATTER, WHICH DID NOT GIVE THE JUVENILE DIVISION EXCLUSIVE JURISDICTION OVER THE PARTIES FROM THAT DATE FORWARD AS TO ALL ISSUES. THE TRIAL COURT HAD NO AUTHORITY TO TERMINATE THE PARTIES' SHARED PARENTING PLAN ISSUED BY THE COSHOCTON COUNTY COMMON PLEAS COURT, GENERAL DIVISION, PURSUANT TO A LATER DIVORCE. THE ORDERS ISSUED BY THE TRIAL COURT ARE ACCORDINGLY VOID."

II

{¶15} "THE TRIAL COURT ERRED BY HEARING THIS MATTER WHEN NEITHER PARTY RESIDED IN COSHOCTON COUNTY; BOTH PARTIES CONTINUOUSLY RESIDED IN LICKING FOR A SUBSTANTIAL AMOUNT OF TIME PRIOR TO MATTERS THAT WERE BEFORE THE TRIAL COURT."

III

{¶16} "THE TRIAL COURT ERRED BY RULING UPON APPELLANT'S OBJECTIONS WITHOUT REVIEWING THE TRANSCRIPT, USING ALTERNATIVE TECHNOLOGY TO REVIEW THE RECORD BEFORE THE MAGISTRATE, OR PROVIDING APPELLANT WITH THE AUDIO RECORDINGS REQUESTED PURSUANT TO A FEBRUARY 6, 2014 WRITTEN MOTION."

IV

{¶17} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION THAT REFUSED TO ADOPT THE APPELLANT'S PROPOSED SHARED PARENTING PLAN, A PLAN IN PLACE BY THE PARTIES FOR MANY YEARS PREVIOUSLY BUT A PLAN THAT THE TRIAL COURT REFUSED TO RECOGNIZE.

{¶18} "THE TRIAL COURT FURTHER ERRED BY ADOPTING THE MAGISTRATE'S DECISION, WHICH NAMED APPELLEE AS THE RESIDENTIAL PARENT OF THE PARTIES' MINOR CHILD, THE MAGISTRATE FOUND THAT THE APPELLEE WAS THE SOURCE OF ANY ALLEGED NON-COOPERATION AND THAT SUCH ALLEGED PROBLEMS WERE NOT JOINT IN NATURE.  THE TRIAL COURT ACCORDINGLY ERRED BY REWARDING APPELLEE'S BAD BEHAVIOR IN UNILATERALLY REFUSING TO COOPERATE WITH APPELLANT IN AN ATTEMPT TO GAIN A TACTICAL LITIGATION ADVANTAGE CONTRARY TO THE BEST INTEREST OF THE CHILD AND CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."

V

{¶19} "THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S DECISION THAT ERRED BY NOT DEVIATING CHILD SUPPORT TO ZERO AND BY IGNORING FACTORS CONTAINED IN THE DEVIATION STATUTE.

{¶20} "THE TRIAL COURT FURTHER ERRED IN ADOPTING THE MAGISTRATE'S DECISION THAT ALLOCATED UNINSURED MEDICAL EXPENSES

90% TO APPELLANT AND 10% TO APPELLEE WHEN APPELLEE'S HOUSEHOLD INCOME GREATLY EXCEEDS THAT OF APPELLANT.

{¶21} "THE TRIAL COURT FURTHER ERRED IN ADOPTING THE MAGISTRATE'S DECISION THAT FAILED TO MAKE THE CHILD SUPPORT MODIFICATION RETROACTIVE TO THE DATE IT WAS FIRST REQUESTED IN WRITING WITH THE TRIAL COURT."

I

{¶22} Appellant claims the trial court lacked subject matter jurisdiction to hear the matter herein. We disagree.

{¶23} Appellant argues the trial court erred in exercising exclusive jurisdiction on child support and custody matters when the divorce was granted by the General Division.

{¶24} The pivotal issue is the timing of the jurisdiction invoked by the parties. It is undisputed that the first filing was a complaint in the Juvenile Division by the CSEA to establish child support on June 16, 2006. On July 3, 2006, appellee filed a complaint for custody, also in the Juvenile Division. By a consent judgment filed August 8, 2006, appellee was named the residential parent and legal custodian of the child and child support was ordered.

{¶25} On September 29, 2006, appellee filed a complaint for divorce in the General Division. The General Division issued a temporary support order on October 2, 2006.

{¶26} On June 4, 2007, appellee filed a motion in the Juvenile Division to transfer jurisdiction of the Juvenile Division case to the General Division because of the

pending divorce complaint. By judgment entry filed June 11, 2007, the trial court denied the motion.

{¶27} On October 31, 2007, the General Division issued a final decree of divorce which included a child support order and a shared parenting plan. No appeal was taken.

{¶28} On July 13, 2009, the Juvenile Division modified the child support order upon CSEA's motion. The judgment entry specifically states "neither party has filed objections to that request." Appellant is listed as obligor and appellee is listed as obligee. No appeal was taken on the issue of jurisdiction.

{¶29} On April 19, 2013, appellant filed a motion in the Juvenile Division to modify child support.

{¶30} On June 13, 2013, appellant filed a motion in the General Division to transfer jurisdiction of the Juvenile Division case to the General Division. By judgment entry filed June 18, 2013, the trial court denied the motion.

{¶31} On June 17, 2013, appellant filed a motion in the Juvenile Division to transfer jurisdiction of the Juvenile Division case to the General Division. By judgment entry filed June 18, 2013, the trial court denied the motion.

{¶32} On June 24, 2013, appellant filed a shared parenting plan in the Juvenile Division, contemporaneously with a motion to terminate the previous shared parenting plan, and sought re-designation of residential parent.

{¶33} On July 10, 2013, the parties dismissed all pending motions in the General Division, and the General Division relinquished jurisdiction to the Juvenile Division. No appeal was taken on the relinquishment of jurisdiction.

{¶34} R.C. 2153.23 governs jurisdiction of juvenile court. Subsection (A)(11) states the following:

(A) The juvenile court has exclusive original jurisdiction under the Revised Code as follows:

(11) Subject to divisions (G), (K), and (V) of section 2301.03 of the Revised Code, to hear and determine a request for an order for the support of any child if the request is not ancillary to an action for divorce, dissolution of marriage, annulment, or legal separation, a criminal or civil action involving an allegation of domestic violence, or an action for support brought under Chapter 3115. of the Revised Code[.]

{¶35} In discussing the jurisdiction of the juvenile court relative to the Uniform Interstate Family Support Act (hereinafter "UIFSA"), the Supreme Court of Ohio in *Pula v. Pula-Branch,* 129 Ohio St.3d 196, 2011-Ohio-2896, ¶ 8, reaffirmed the meaning of R.C. 2151.23(A)(11) as follows:

Indeed, cases brought pursuant to R.C. Chapter 3115 are explicitly excluded from the juvenile court's exclusive jurisdiction. R.C. 2151.23(A)(11) grants exclusive jurisdiction to juvenile courts to "hear and determine a request for an order for the support of any child if the request is not ancillary to an action for divorce, dissolution of marriage, annulment, or legal separation,***or an action for support brought under Chapter*

*3115. of the Revised Code.*"  (Emphasis added.)  Thus, if the sought-after support order arises in a domestic relations case or an R.C. Chapter 3115 case, the juvenile court does not have exclusive jurisdiction over support orders.  Since juvenile courts do not have exclusive jurisdiction under R.C. Chapter 3115 claims, other courts may hear those cases.

{¶36}  Under R.C. 2151.23(A)(2), a juvenile court has exclusive jurisdiction to "determine the custody of any child not a ward of another court of this state."  The Juvenile Division was first to exercise jurisdiction on child support and custody and continually exercised that jurisdiction unchallenged by the parties.  The trial court's assumption of jurisdiction under R.C. 2151.23(A)(2) was continuing.

{¶37}  Upon review, we find the trial court had subject matter jurisdiction to hear the matter.

{¶38}  Assignment of Error I is denied.

II

{¶39}  Appellant claims the matter should have been tried in Licking County as both parties resided in said county.  We disagree.

{¶40}  An original custody complaint was filed in the Juvenile Division of the Court of Common Pleas for Coshocton County on July 3, 2006.  In his motion filed June 24, 2013 relative to a shared parenting plan and re-designation of residential parent, appellant sought the jurisdiction of the Coshocton Juvenile Division and never suggested to said court the residence of either party or the location of the child.  Appellee also never informed the court in her various motions.  The record does not

contain a formal transfer request to Licking County. Since a transcript has not been provided, we are unable to determine if any objection or notice was given to the trial court. In her objections to the magistrate's decision, appellee argued the lack of a custody affidavit required under the UCCJA. In its judgment entry filed March 11, 2014, the trial court denied the objection, stating the following:

> The Court notes that such an affidavit was filed previously on July 3, 2006. The parties were aware of potential jurisdictional challenges when the Father moved to transfer the matter to the General Division of the Court, which was denied. The parties ligated (sic) the case, including, presenting detailed information regarding where and with whom the child had been living. Essentially, the statute's requirements were substantially satisfied and no prejudice resulted.

{¶41} No appeal was taken from this determination.

{¶42} Assignment of Error II is denied.

III

{¶43} Appellant claims the trial court erred in ruling on the objections without providing him with the audio recordings requested via motion filed February 6, 2014. We disagree.

{¶44} Civ.R. 53(D)(3)(b)(iii) states the following:

> *(iii) Objection to magistrate's factual finding; transcript or affidavit.*
>
> An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶45} We note the rule gives the trial court discretion to allow the use of alternative means instead of a written transcript. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶46} In its judgment entry filed March 11, 2014, the trial court noted the objections were reviewed, and found "no error of law or other defect on the face of the Magistrate's Decision" regarding the objections, save for the objections on the parenting time order which was appellant's Objection No. 4 and appellee's Objection No. 1. Appellant's Objection Nos. 1, 2, 5, and 7 were issues of law that did not involve a

disputed issue of fact necessitating a transcript.  Objection Nos. 3 and 6 centered on the denial of shared parenting and the designation of residential parent, and argued a deviation to zero for child support based on parenting time.

{¶47}  The trial court's ruling on March 11, 2014 was filed over thirty days from appellant's objections and request for the audio recordings, both filed on February 6, 2014.  Appellant's objections included a request "to supplement his Objections once a transcript of the proceedings is filed with this Court."  Appellant never filed a request for an extension to have the transcript prepared.

{¶48}  Based on the conflicting request, we find the trial court did not err or abuse its discretion in ruling as it did.

{¶49}  Assignment of Error III is denied.

IV, V

{¶50}  Appellant claims the trial court erred in failing to adopt his shared parenting plan, naming appellee as the residential parent, failing to deviate child support to zero, allocating uninsured medical expenses, and failing to make the child support modification retroactive to the date it was first requested.  We disagree.

{¶51}  Appellant failed to present this court with a transcript of the hearing.  In *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199 (1980), the Supreme Court of Ohio held the following:

The duty to provide a transcript for appellate review falls upon the appellant.  This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record.  See *State v.*

*Skaggs* (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that '***the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.***.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. (Footnote omitted.)

{¶52} This rule of law pertains to all of the claimed errors except the retroactive date of the child support modification. The start date to use for the modification of child support is left to the discretion of the trial court. *Wright v. Reck,* 2nd Dist. Miami No. 2001-CA-30, 2001-Ohio-1706; *Blakemore, supra.*

{¶53} On April 19, 2013, appellant filed a motion to modify child support. On June 24, 2013, appellant filed a shared parenting plan and requested a designation of him as residential parent. On July 17, 2013, appellee filed a motion to increase child support. Hearings were held before the magistrate on October 15, and December 10, 2013. In her decision filed January 31, 2014, the magistrate recommended a reduction in appellant's child support obligation. The recommendation was not made retroactive.

{¶54} We note the parenting schedule and residential parent designation remained the same from April 19, 2013 to January 31, 2014. Upon review, we find no

abuse of discretion in ordering a decrease in child support forward from the date of the decision.

{¶55}  Assignments of Error IV and V are denied.

{¶56}  The judgment of the Court of Common Pleas of Coshocton County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

SGF/sg 902