[Cite as *Clark v. Weekly*, 2018-Ohio-2546.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

KRISZANDRA CLARK, et al.

    Appellee

    v.

RANDALL W. WEEKLY, JR.

    Appellant

C.A. No.    17CA0090-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    12PA0213

DECISION AND JOURNAL ENTRY

Dated: June 29, 2018

HENSAL, Judge.

{¶1} Randall Weekly appeals a judgment of the Medina County Court of Common Pleas, Domestic Relations Division, that denied his motion to vacate child support order. For the following reasons, this Court affirms.

I.

{¶2} Mr. Weekly is the father of a child born in 2007. In 2008, the Medina County Child Support Enforcement Agency (CSEA) entered an administrative order that directed Mr. Weekly to pay support to the child's mother. In 2009, the child's maternal grandmother filed a complaint in juvenile court seeking custody of the child, which the court awarded after a hearing. CSEA subsequently entered another administrative order, redirecting Mr. Weekly's support payments to the child's grandmother. In 2012, CSEA provided notice to the domestic relations court of its administrative orders, and the court entered a judgment entry enforcing the orders. In 2017, Mr. Weekly moved to vacate the judgment entry, arguing that the domestic relations court

had lacked subject matter jurisdiction to issue it. The court denied his motion. Mr. Weekly has appealed, assigning two errors.

## II.

### ASSIGNMENT OF ERROR I

MEDINA COUNTY DOMESTIC RELATIONS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION TO ADDRESS CASES INVOLVING ALLEGATIONS OF AN ABUSED, NEGLECTED, OR DEPENDENT CHILD.

{¶3} In his first assignment of error, Mr. Weekly argues that the domestic relations court did not have jurisdiction to issue a judgment entry regarding child support because the juvenile court had already acquired exclusive jurisdiction over the matter. He argues that, because the domestic relations court did not have subject matter jurisdiction, its order was void ab initio. He argues that the court, therefore, should have granted his motion to vacate.

{¶4} This Court has recognized that "a common law motion to vacate is the appropriate means by which to challenge a judgment that is void." *In re. R.P.*, 9th Dist. Summit No. 26271, 2012-Ohio-4799, ¶ 19. Such motions are not governed by Civil Rule 60(B). Instead, the power to vacate a void judgment arises "from an inherent power possessed by the courts in this state." *State ex rel. DeWine v. 9150 Group, L.P.*, 9th Dist. Summit No. 25939, 2012-Ohio-3339, ¶ 7, quoting *Beachler v. Beachler*, 12th Dist. Preble No. CA2006-03-007, 2007-Ohio-1220, ¶ 18. "We review a trial court's decision denying a common-law motion to vacate a void judgment for an abuse of discretion." *Buckingham, Doolittle, Burroughs, L.L.P. v. Izaldine*, 9th Dist. Summit No. 27956, 2016-Ohio-2817, ¶ 7.

{¶5} The Ohio Supreme Court has explained that "[t]he general term 'jurisdiction' can be used to connote several distinct concepts, including jurisdiction over the subject matter, jurisdiction over the person, and jurisdiction over a particular case." *Bank of Am., N.A. v.*

*Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 18. "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases" and "is determined without regard to the rights of the individual parties involved in a particular case." *Id*. at ¶ 19. A court's jurisdiction over a particular case on the other hand "refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Id*.

{¶6} The domestic relations court's subject matter jurisdiction is set out in Revised Code Section 2301.03(U). That section provides:

> In Medina county, the judge of the court of common pleas whose term begins January 1, 1995, and successors, shall have the same qualifications, exercise the same powers and jurisdiction, and receive the same compensation as other judges of the court of common pleas of Medina county and shall be elected and designated as judge of the court of common pleas, division of domestic relations. The judge shall be assigned all divorce, dissolution of marriage, legal separation, and annulment cases, all cases arising under Chapter 3111. of the Revised Code, all proceedings involving child support, the allocation of parental rights and responsibilities for the care of children and the designation for the children of a place of residence and legal custodian, parenting time, and visitation, and all post-decree proceedings and matters arising from those cases and proceedings, except in cases that for some special reason are assigned to another judge of the court of common pleas. The judge shall be charged with the assignment and division of the work of the division and with the employment and supervision of the personnel of the division.

*Id*.

{¶7} Section 2301.03(U) provides the domestic relations court with the same "powers and jurisdiction" as the other judges of the common pleas court. *Pula v. Pula-Branch*, 129 Ohio St.3d 196, 2011-Ohio-2896, ¶ 6 (explaining that identical language under Section 2301.03(L) "is not a limiting provision, but rather a specific grant of authority."). The common pleas court "has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." R.C. 3105.011. Although "domestic relations matters" is not defined in the Revised Code, we agree with the other district courts of appeals that have concluded that the

term includes matters concerning child support. *Nedel v. Nedel*, 11th Dist. Portage No. 2007-P-0022, 2008-Ohio-1025, ¶ 33; *Recker v. Hohenbrink*, 3d Dist. Putnam No. 12-97-11, 1998 Ohio App. LEXIS 4969, *4 (Sept. 29, 1998); *Ketzel v. Ketzel*, 12th Dist. Warren No. CA88-08-062, 1989 Ohio App. LEXIS 1562, *6 (May 1, 1989); *Frank v. Frank*, 5th Dist. Richland Nos. CA-2406, CA-2410, 1986 Ohio App. LEXIS 9414, *10 (Dec. 10, 1986). Section 2301.03(U) also specifically directs all "proceedings involving child support" to be assigned to the judge of the domestic relations division, necessarily implying that the domestic relations court has jurisdiction over such matters. The domestic relations court's judgment entry enforcing CSEA's administrative orders regarding child support, therefore, was within its subject matter jurisdiction.

{¶8} Mr. Weekly's argument about the juvenile court having already acquired exclusive jurisdiction over the parties actually involves a question of whether the domestic relations court properly exercised its subject matter jurisdiction in this particular case. Unlike lack of subject-matter jurisdiction, however, lack of jurisdiction over a particular case only renders a judgment voidable. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 12. The judgment entry, therefore, was not void ab initio even if the domestic relations court incorrectly exercised its jurisdiction in this case.[1] Because the judgment entry was not void ab initio, Mr. Weekly could not use a common law motion to vacate to challenge it. Accordingly, upon review of the record, we conclude that the domestic relations court did not abuse its discretion when it denied Mr. Weekly's motion. Mr. Weekly's first assignment of error is overruled.

---

[1] We make no decision about whether the domestic relations court correctly exercised its subject matter jurisdiction in this case because resolving that issue is not necessary for the disposition of this appeal.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT HELD THAT THE MEDINA COUNTY COMMON PLEAS COURT, DOMESTIC RELATIONS DIVISION AND THE MEDINA COUNTY COMMON PLEAS COURT, JUVENILE DIVISION, HAVE CONCURRENT JURISDICTION.

{¶9} In his second assignment of error, Mr. Weekly argues that the domestic relations court incorrectly determined that it had concurrent jurisdiction with the juvenile court over child support matters concerning his child. That, however, was not the court's conclusion. The domestic relations court actually found it had exclusive jurisdiction in this particular case because the statute bestowing it with subject matter jurisdiction was more specific than the statute bestowing the juvenile court with subject matter jurisdiction. Regardless of the court's reasons for denying Mr. Weekly's motion to vacate, however, we have already concluded that the court did not abuse its discretion when it denied the motion. Any error by the court in its explanation of the reasons the motion was denied was, at most, harmless. Civ.R. 61. Mr. Weekly's second assignment of error is overruled.

III.

{¶10} Mr. Weekly's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

CHONG M. WON, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.